J-S07027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH TODARO SR. | : | |
| | : | |
| Appellant | : | No. 1037 WDA 2020 |

Appeal from the PCRA Order Entered August 26, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000265-2017,
CP-11-CR-0001510-2017

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED:  April 26, 2021**

Appellant, Joseph Todaro, Sr., appeals *pro se* from the August 26, 2020 Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). After careful review, we affirm.

On May 3, 2018, Appellant entered a negotiated guilty plea to Rape of a Mentally Disabled Person and Failure to Comply with Registration Requirements.[1] On August 16, 2018, the court sentenced Appellant to the negotiated aggregate sentence of 15-30 years' incarceration. Appellant did not file a direct appeal.

On December 31, 2018, Appellant *pro se* filed his first PCRA Petition alleging that, *inter alia*, the Commonwealth coerced him into accepting his plea agreement. **See** PCRA Petition, 12/31/18. The PCRA court appointed

_____

[1] 18 Pa.C.S. §§ 3121(a)(5) and 4915.1(a)(2), respectively.

Timothy S. Burns, Esq. ("Attorney Burns") to represent Appellant. Attorney Burns filed a Motion to Withdraw accompanied by a **Turner**/**Finley**[2] "no merit" letter. After a hearing, the court dismissed Appellant's Petition and permitted Attorney Burns to withdraw. Appellant did not appeal.

On August 5, 2019, Appellant *pro se* filed the instant PCRA Petition, his second. The PCRA court appointed counsel, who filed an amended Petition on September 12, 2019. Appellant argued that his plea counsel was ineffective for failing to file a direct appeal. Amended PCRA Petition, 9/12/19, at ¶¶ 3-7. He also alleged plea counsel errantly advised him that he could face a mandatory life sentence if convicted at trial and, therefore, his plea was not knowing and voluntary. Motion to Withdraw, 7/14/20, at ¶ 5.

On July 14, 2020, Appellant's counsel filed a Motion to Withdraw accompanied by a **Turner**/**Finley** "no merit" letter.

The court held a PCRA Hearing on August 25, 2020. It concluded that Appellant's Petition was without merit and, by Order filed August 26, 2020, dismissed Appellant's Petition and granted his counsel's Motion to Withdraw.

_____

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

Appellant *pro se* filed a timely Notice of Appeal,[3] and both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issues for review:

> 1. Whether the PCRA court failed to address the summarized grounds Appellant[] timely submitted to the PCRA court?

> 2. Whether the PCRA court erred when the court relied upon court appointed [counsel's] **Turner**/**Finley** no merit letter, whereas the Appellant[] had other meritorious grounds for appeal?

Appellant's Br. at 3 (unnecessary capitalization omitted).

Both of Appellant's issues involve allegations of plea counsel ineffectiveness. He believes the PCRA court should have granted him a new trial because plea counsel failed to (1) spend adequate time with Appellant; (2) investigate his case; (3) advise him of potential defenses; and (4) challenge the sufficiency of the Commonwealth's evidence to prove a *prima facie* case against him. **Id.** at 6-9. Importantly, Appellant does not challenge the effectiveness of his counsel for his first PCRA petition, attorney Burns. Rather, Appellant only challenges the effectiveness of plea counsel.

Before considering the merits of Appellant's issues, we must determine whether he has preserved them for our review. An appellant waives any issue

---

[3] Appellant's Notice of Appeal lists two separate docket numbers in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). However, the PCRA court failed to notify Appellant of his appellate rights. We consider this a breakdown in the court system and, therefore, decline to quash this appeal. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019).

that he "could have raised but failed to do so before trial, at trial, . . . on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Appellant's first opportunity to challenge his plea counsel's effectiveness was in his first PCRA Petition filed December 31, 2018. Appellant failed to do so and, therefore, he has waived consideration of these issues. 42 Pa.C.S. § 9544(b). *See Commonwealth v. McGill*, 832 A.2d 1014, 1021-22 (Pa. 2003) (discussing proper procedure for challenging effectiveness of counsel other than immediate prior counsel). Thus, the PCRA court properly dismissed this Petition.

Appellant raises a new issue in his Brief titled "Constitutional Right of Confrontation and Due Process." Appellant's Br. at 10. He asserts that the Commonwealth violated his constitutional rights by presenting only hearsay evidence at his Preliminary Hearing. *Id.* at 10-13.

Appellant did not raise this claim in his Rule 1925(b) Statement. As a result, this issue is waived. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 4 -

J-S07027-21

Date: <u>4/26/2021</u>